The first case on our agenda today is agenda number one, number 129695. People of the State of Illinois v. Angel Class. Counsel for the appellant, are you prepared to proceed? Good morning, Your Honor. Your Honor, may it please the Court, Counsel, my name is Assistant Attorney General Katherine Snitzer on behalf of the people. The appellate court in this case exercised what amounts to supervisory authority when it ordered reassignment of this case on remand initially without a finding of bias and prejudice and later with a finding of bias that we don't believe is supported by the record. Only this court has supervisory authority over the lower courts and it should rule that the appellate court may only reassign a case where it finds bias or prejudice in the record. That approach upholds our judicial system's strong presumption that judges are impartial and will put aside their personal views and follow the law. And it is consistent with this court's approach in civil cases and the standard for substitution of judge for cause in the trial courts. So looking to the precedence that we have for reassignment, this court has never addressed reassignment in the criminal context, but in civil cases it has held that the parties seeking substitution must show bias or prejudice in order to further the reassignment of the counsel. You mentioned civil cases and of course when we're talking about civil cases we're looking at Rule 366, but this is a criminal case, right? And so I have two questions for you. Does 366 even apply and how does Rule 615 apply to this matter? Your Judge, the rule for criminal cases is Rule 615, as you said, and I think what's useful here is to look to the way that this court has handled the authority of the appellate court to remand a case at all. So in people versus county. But let me ask you again, does Rule 366 apply since that applies to civil and this is a criminal case? Do we rule that out completely? Do we need to look at 366 at all? Well, this court has looked to 366, but it has held that it can apply to criminal cases to the extent that it's consistent with Rule 615. So in people versus young, it looked to Rule 366 to find the power to remand. Ultimately, these are this court's rules, so there's discretion to interpret and indeed to amend the rules, but we believe that it makes sense to look to Rule 366 only to the extent that it's consistent with Rule 615. So Rule 615 is the applicable rule here. But just as with the power to remand at all, it's useful to look at Rule 366. Additionally, the power of the appellate court in people versus young, this court held that Rule 615 is narrower than Rule 366. But 366 has a broader authority. So any authority that the appellate court has in civil cases, it certainly doesn't have additional authority in criminal cases. So we think that that means that this court should limit the power to reassign a remand at least as much as it has in civil cases. So with Rule 615, what is the language in that rule that supports your position? So the rule is silent in terms of any power to reassign. It doesn't talk about the power to reassign. It doesn't. It's silent. I think we could look to 6B2 where it says to modify or to set aside a firm and modify subsequent proceedings. But I think it makes more sense to look as the court did in people versus young with the power to remand to say Rule 615 is silent. And so we look to the Rule 366 only to the extent that it's consistent with the power in 615. May I ask a question? Maybe this is difficult for you to answer, but your argument is one rule involves civil cases and a different rule for criminal cases. Why would that be? What is the policy reason? Why would we allow the appellate court to look at civil cases in a much different way than criminal cases? Why? We think the rule in terms of reassignment should be the same for both. That this court should follow its approach in civil cases and find that there should be a requirement for bias or prejudice. I don't think there's any reason to have more expansive authority in criminal cases. Counsel, can I ask you a question about some specific language in 615 where it says that the appellate court may set aside, affirm, or modify any or all of the proceedings subsequent to or dependent upon the judgment or order from which the appeal is taken. Does what happened here fit under that language? Certainly not the finding that it could reassign based on, without a finding of bias or prejudice, I don't think falls under that language. I think that goes well beyond that language and, indeed, the language in 366. The approach in Reverend Treeholme and Eichner where, again, this court held that where a litigant doesn't meet the burden of showing bias or prejudice, it should go back to the same judge and there's no power to reassign. And, again, I think that approach upholds the, again, the strong presumption that judges are impartial and the requirement that a party seeking to change that has to meet the high burden of showing bias or prejudice. And here, the record simply doesn't show bias or prejudice. We're not disputing that there were errors in the lower court decision, but they're all errors of law. They're all, you know, there's no showing of any kind of animus or hostility towards this defendant. No showing of favoritism. So there's simply no basis to reassign under the bias or prejudice standard or, indeed, under any of the standards that the defendant proposes, either the two standards the defendant proposes. All of the case laws... Counsel, can I ask you about the sua sponte nature of this? Yes. Yeah. So what's your position in regard to the appellate court, the sua sponte nature of the reassignment? So we believe it was improper for this court to, or proceed after this court, for the appellate court to raise the issue sua sponte. Based both on the Gavin case, this court has instructed the appellate court that it should generally refrain from raising issues sua sponte. And also the requirement that the burden is on the parties seeking substitution to make that showing. And so we think at the very least, if the appellate court is going to do this, it should order additional briefing and it should generally refrain from raising this issue sua sponte. And, again, in this case, the defendant didn't seek this in the appellate court. You know, I know that the defense attorneys do sometimes seek reassignment in the appellate court, but they didn't in this case. And I think that is notable because I think where there is bias or prejudice that's clear from the record, parties will raise that. And so I think it's generally, you know, I don't know if I can go so far as to say the court can never do it sua sponte, but it certainly should refrain from doing so. And, again, on these facts, there's nothing to support that finding. In this case, again, all of the errors, the court provides a misapplication of the standard, judging the credibility of witnesses at the wrong stage, these are routine legal errors. And, frankly, where there are errors, you know, that's the purpose of appellate review, and there's errors in every case that is reversed and remanded to the trial court. And we presume that the judge is going to, again, be impartial even on remand, even where their findings have been reversed, and follow the mandate of the appellate court. Is reassignment ever, by an appellate court, ever proper other than for bias? No, bias or prejudice should be considered. So those are the only reasons that an appellate court can reassign a case? Yes. Okay. What about the cases Heider, Dameron, and Jolly that are cited by the defendant? So those cases are cases of this court. And, of course, this court has broader authority than the appellate court, supervisory authority over the lower courts. But I also think if you look at the facts of those cases, they all show certainly something more than mere legal error. In Dameron, the judge had improperly considered evidence outside of the record of the case. So the concern there is not so much that the judge made a mistake, but that the judge is considering the wrong information that hasn't been part of the record. And in Jolly, it was a similar error. The judge considered adversarial arguments during a Krankel hearing, which is not permitted. So it's not just the judge made an error. The judge is taking into account information that's not part of the case that should never have been considered. But, counsel, those two reasons are not biased. And I just asked you whether a court, an appellate court, could reassign a case for any reason other than bias or prejudice. And you said no. Correct, Your Honor. Those cases were reassigned by this court. I understand. Okay. They weren't reassigned by the appellate court. It was by this court. However, I am asking you whether an appellate court can use the same principle. So we don't believe that they should use the same principle. And why not? Because, again, unlike the appellate court, this court has supervisory authority. So this court can reassign on a more expansive basis. But even if the appellate court did have that authority, we don't think it would be proper in this instance. Why shouldn't this court adopt the Robert test? The federal standard? Well, again, like this court, the federal appellate courts do have the supervisory authority over the lower courts. And adopting the Robert test would be a departure from the approach that this court has taken in civil cases and, of course, the substitution of judge standards. So we think that the bias or prejudice test is more consistent with this court's approach in the past and with the principle that only this court has supervisory authority over the lower courts in Illinois. And, again, even if this court were to adopt that test, the federal courts have stressed again and again that there has to be a showing of something more than mere legal error. And one case talked about if the courts were to reassign every time a district court judge made a mistake or misconstrued some evidence, there would be no limiting principle to distinguish every case of remand where there's a mistake from a case where it should be reassigned. So there has to be, under any of these standards, there has to be something more than a simple legal error. And I think that our position is that this court should adopt the bias and prejudice test as it has in civil cases. There certainly should be no broader authority in criminal cases where the rule is less specific. And even if the court were to adopt one of these other standards, the refer here is simply not enough. So for all of those reasons and those in our brief, unless this court has any further questions, we would ask this court to reverse the reassignment and defer the rest of this judgment. Thank you. Thank you. Counsel for Gavreel. Good morning, Your Honors. Michael Orenstein, State Appellate Defendant for Defendant, Appellee, Angel Class. Your Honors, I'd like to start by briefly highlighting why the appellate court ultimately ordered reassignment. The appellate court noted that Class had consistently maintained his innocence and that the state's case was then a one-witness I.D. from a potential suspect. And it found that Angel Class' actual innocence claim was well worth a hearing. And it found that without reassignment, Class would return to the very judge who had improperly discounted or disregarded every single one of his exculpatory affidavits. So now I'd like to go to the standards that were discussed before. We'd advocate for one or two standards. Either the standards this court used in People v. Hyder or the federal standard applied below promulgated in People v. Robin. Both tests considered the potential for bias or prejudice on remand. And the Robin test additionally considers the potential appearance of bias as well as judicial efficiency. Both tests advanced two important policy goals. One is judicial comedy. Hyder and Robin let reviewing courts avoid demonizing or criticizing unnecessarily trial courts. The first trial event court is to be unbiased. Bias is a grave accusation. As of the United States Supreme Court case in Williams that was cited notes. Robin specifically promulgated a three-part test in part to avoid such accusations. And we don't want to make judges impugn each other. The second reason is judicial flexibility. This court and other courts have found it necessary to order reassignment in cases other than bias and prejudice. The Supreme Court in Santabello where there was a guilty plea breached by the state and the judge didn't, in fact, make any error at all. Jolly, where the state had a proper input into the Crankville complaint. And Hyder, where there was an erroneous, aggravating, chaotic finding in sentencing which is as close to a mere legal error, I think, as anything else. Counsel? Yes. Go ahead, Kim. Thank you. So before we get to what test we should adopt that maybe comes from the federal level or case law, what about Rule 615? Is there anything in Rule 615 that supports what the appellate court did here? Sure. Rule 615 says that this court may set aside, affirm, or modify any or all of the proceedings subsequent to or dependent on the judgment. So proceedings, as from the Black's Law Dictionary I said, it means basically any act or order of the trial judge. And judicial assignment is part of the proceedings. So judicial reassignment is modifying those proceedings. So the appellate court has the authority to modify those proceedings. That's how we read 615. That's pretty broad authority. Anything that happens in the progression of the case, it's starting from the assignment? That's what you're saying? Well, from the text of 615, yes. But this Court obviously has the power and authority to limit the ways in terms of use. For example, plain error. There's all kinds of restrictions on plain error. There's all kinds of case law. That doesn't come from the text. It comes from what this Court and the appellate court decisions that it made. And we're arguing that it should be somewhat narrowed, either through the Heider standard or the Robbins standard. So we should be reading something into the rule? The rule itself? The rule itself provides a framework. It does not offer policy or does not offer good practice. And that's what courts do, is to read that in and make it workable. Counsel, this was never raised by the defendants. That's correct. What about the sui sponte nature of the appellate court's action? So a couple things. First of all, the decision that comes to this court, it was not sui sponte. This originally was sui sponte, and then there was a remand from this court. The supervisory were telling the appellate court to basically go back and do this in more detail. The appellate court had the benefit at that point of the state's PLA, which it mentioned, and also the benefit of our answer, which it didn't mention. So this is not sui sponte in the same sense that I think sui sponte is generally used by the courts. The other point is the case in the state set of people we've given talks about issues being raised sui sponte. This is not issues sui sponte. This is relief sui sponte, and I think that's somewhat different. And, counsel, what about rule 366? Should we be following our case law and our prior practice with respect to that rule in civil cases in this matter? I think this court should follow its most recent announcement on that point, a recent holding on that point, which is People v. Webster. People v. Webster said they've divided 366 into civil cases and 615 into criminal cases. There is older case law that the state mentioned, but I think the court was pretty clear it was last year, and I think also Rule 412 is pretty clear that there's the criminal appellate rules and then there are the civil rules that are specified that are important, and 366 is not one of those rules. May I ask a question I asked your opponent? You're obviously getting at something very fundamental here. Right. The impartiality of the judge. Right. So why wouldn't we have the same rules in civil and criminal cases? Why would we have a much different rule in a criminal case? What is the purpose behind that? Well, first of all, I would say that there is a different rule. I would question the, you know, how the state reads Raintree, Holmes, and Eichner. But the other thing, I mean, if anything, this court has always given, you know, guarded the rights and the protections of criminal defendants more than civil defendants because the stakes are so much higher in civil defendants, with some exceptions, obviously, custody cases, but in many cases it involves money. In this case it involves people's liberty, and that's an important thing.  So let me go to Eichner and Raintree, Holmes, and if that's okay. So we're arguing that nothing in either of those cases limits an appellate reassignment to actual bias. The Eichner issue is simple. Was the judge biased? The answer was no. There was no question of whether or not there was any other grounds. And neither was there in Raintree, Holmes. And there is some language in Raintree, there is some language in Raintree, Holmes that the state cites. But if you look at the briefs in Raintree, Holmes, which we filed a motion for this court to cite, that the appellate court in that case ordered reassignment for no reason at all. And the issue in Raintree, Holmes was, well, is there any, can the appellate court do that? And the appellate court, and this court said, no, you have to have a reason. So what the reasons were really at issue in that case. I'm not sure I understand. Are you saying that a close reading of both those cases leads to the conclusion that this court has not held, that in civil cases there has to be a showing of bias and prejudice? This court has never held that, I would say, yes. No, this court has never held that. My reading, Eichner, was that the court had said that. But in that case in, I just read that this morning, maybe Raintree, too. But the court, after saying that, then does an analysis and says there was no showing of bias or prejudice. But the court does say that in order for there to be a reassignment, there has to be bias and prejudice. Sure. And, yeah, I know everybody gets up here when there's something they don't like in a case, just some language and sentence that says it's dicta. But here I think it actually is, and I think it's actually important. The only issue in Eichner, for example, was whether there was bias and prejudice. There was no argument or indication that it was anything else. So to the extent, especially in criminal cases, that you would overrule Heider and Dameron, I think that is not largely true. And I think it's also different, particularly from Eichner. Eichner was a case, in terms of where the state talks about mere legal error, Eichner was this epic 10-week trial over who's going to control the auditorium theater. And the appellate court found three or four errors without any particular pattern or anything like that. Here we have the judge basically two or three pages of transcript going through each of the affidavits. And finding erroneous reasons to not consider any of them. So I think Eichner is a little different than what we have here. Well, Eichner was a decision that was made based on the rulings of the court, the trial court. And specifically in that case it was said that substitution based on a judge's rulings, that's only warranted where the judge displays a deep-seated favoritism or antagonism that would make fair judgment impossible. How is that different than what we have here? Because they were using the language to talk about what bias is and how much bias is necessary. And the nature of what bias is appropriate. They weren't asking, that's the definition of bias. They weren't asking that case, you know, what other things besides bias could be enough. But when the case also talks about the record and Eichner only showing or merely showing that the judge misapprehended the applicable legal standard, it seems very similar to what we're dealing with here. Well, I guess my answer is this is in no way mere error. Because there's always going to be error, especially in a long trial. But here the purpose of a third-stage post-conviction petition is to weigh the credibility of the affidavits. At the second stage you've already decided that there's a substantial showing. And so the trial court went through each affidavit and found one reason the state concedes to be improper to basically not consider that. So I don't think that's mere legal error. I think that is, so you go into the definition of bias, I think that is evidence of bias. Circumstantial evidence of bias at the trial court level. So I think that does fall into that definition. But I'm not sure, but I'm not quite sure if that answered your question or not. No, that's fine. Okay. Another question. Counsel, can you compare this case to People v. Serrano? Sure. So Serrano also had a number of errors. And the appellate court looked at it and basically said, you know, you look at all these errors together and there's no way that the trial court could have not been biased in some way. And I think the same thing is true here, again, because the purpose of a third stage hearing is to see if there's a substantial showing you're not supposed to consider credibility and you're not going to consider hearsay. And the fact that the appellate court got a different erroneous reason for each one indicates that there's some bias here because it looks often determinative. The trial court was looking for reasons not to consider the substance of these avid David's. The ultimate order here is ordering the chief judge of the circuit to reassign the case. Right. So my question is, does the appellate court have the authority to do that? Where is that supervisory authority to order the chief judge to do anything short of mandamus, perhaps? Well, I mean, any time this court is issuing a kind of order, it's issuing it to the circuit court, not to the individual judge. So I think this court can order the circuit court. I didn't talk about this court. This court obviously has supervisory authority. That's embedded in the Constitution.  There's no language about supervisory authority of the appellate court. Right. So I'm asking the question, from where does the supervisory authority of the appellate court that you're suggesting they have arise? It does not come from a supervisory authority. It comes from Rule 615, 615. So in 615b. This is a Supreme Court rule. So this court has supervisory authority. Right. This court then framed this rule. Right. And you're saying that rule, in that rule, the court gave authority to the appellate court to issue orders to the chief judges? Well, they gave authority to issue orders to the circuit court, not to the individual judge. And the circuit court includes the chief judge and all the other judges. I'm not quite sure how to answer that. I'm asking for you to clarify what you're saying. I mean, that's a pretty broad grant of authority that you're saying that that rule gives. That the rule, because it talks about proceedings, as you mentioned before, it grants the appellate court this broad authority to direct how cases are heard in the circuit court. Is that correct? I guess you could say that the appellate court has jurisdiction as part of its powers to do that. It doesn't necessarily mean that it ever gets the need to do that, or this court shouldn't promulgate standards for how and when it should do that. But certainly that is within its power, yes. Maybe we have to think about the difference between jurisdiction and supervisory authority. Okay. I mean, the other thing I'd say about supervisory authority, and this is a somewhat different matter, but when counsel was talking about federal supervisory authority, that is nothing like supervisory authority here. That's apples and oranges. When Robert's talking about supervisory authority, they're talking about exercising their power under the criminal procedure of Federal Code 2106, which is very similar to 615. So this court's supervisory power is obviously unlimited, but that's not what the federal cases we're talking about. Counsel, if we take the position that you're asserting, aren't we going to be going down a really slippery slope? I'm just thinking about parsing out and trying to decide, oh, well, this case the trial judge merely aired legal error in the analysis or whatever, but here, because of the way they aired or what they looked at, now it demonstrates some type of bias and we should be able to reassign. I mean, how do we parse all that out and delineate what's what? Well, I would say that's a good reason to adopt the Robin test because the Robin test is authority in most of the federal statutes, federal circuits, excuse me, and half a dozen states. So there's a lot of case law there. So I'd make an analogy to the Americans with Disabilities Act. When it was passed, it said, we talked about reasonable accommodations. What's reasonable accommodations? Nobody knew. Now any good employment lawyer can tell you exactly what reasonable accommodations are because there's pages and pages and tons of case law. And the same is true here. The states cited a couple of cases, for example, in history, that were rejecting finding out a Robin. There was no reason to reassign. We argued that. I think the city of New York case was on point and there was a reason to reassign. So there's a lot of guidance available in the Robin test. So why are we looking to federal cases to apply our own rules? Because I guess in this case, you don't have to. You could also apply a HIDR, which is very clear and simple. The advantage of Robin is they have this to answer Justice Holder White's question. There's a lot more analysis developed than a lot to borrow from, and it makes things a little more clear. But we would be very happy to use the HIDR test or the Robin test. And I see the amber light, so I will go to one more point and say that the judge's premature under any standard, the trial judge's premature credibility finding alone shows prejudgment. So a second-stage hearing asks if the affidavit is credible, state a constitutional appointing. The third stage, the judge's whole job is to assess credibility. Rejecting second credibility at the second stage of the report is prejudgment, and prejudgment is biased. And again, that's what the city of New York case recited from, I believe, the Second Circuit. That's what Pete Goldbee, scholar from the appellate court, said. And he quoted, I guess, said, These judgments will inevitably call to the court's perception of the evidence, and it's unrealistic to assume otherwise. And for those reasons, we would ask that this court affirm the appellate court's order in total. Thank you. Thank you very much, counsel. Counsel in reply.  So, Your Honors, I'd like to start with counsel's argument about ignoring rotten green tree homes. In those cases, this court explicitly set out the standard that it was applying as a bias or prejudice test. Now, it's true that those cases didn't specifically address the arguments that are being raised in this case, but it's very clear about the standard, and it's also very clear that legal errors are not sufficient under our civil rules. I'd also like to return to the point of finding of, to avoid the appearance of impropriety. Would that be sufficient? No, that wouldn't be sufficient because appearance of impropriety is a lesser standard than bias or prejudice. So we don't believe that it would be sufficient under the federal test, but we don't believe it should be. It would be sufficient under this standard that we're proposing. It's not sufficient in civil cases. Well, I wasn't asking about a civil case. I was asking about a criminal case. Yes, and we believe that the standard should be the same in criminal cases as it is in civil cases, and just like in civil cases, the standard should be that appearance of impropriety is insufficient. When I asked the same question about the standard, the appellee responded that, you know, the interests in a criminal case are higher because of the liberty interest, and so he thought that, you know, that would mean that a different standard should apply. What's your response to that? Well, certainly the stakes are high in any criminal case, but the right to an impartial judge is the same whether it's a due process right. It's the same whether it's a civil or criminal case. So that particular interest in having an impartial judge is the same in civil and criminal cases. And, of course, as we've emphasized, this court does have the supervisory authority to grant substitution for the appearance of impropriety. That would be enough for this court to grant that, but I think it's a more discretionary standard, and one of the reasons that this court has supervisory authority and the appellate courts don't is that there's only one Supreme Court, and so even though there's an enormous amount of discretion there, it can be applied consistently because it's the same court. I think if the lower appellate courts had that same discretion, we would see it being applied much more inconsistently because, you know, what is, I think, you know, different appellate courts, different appellate panels would view this, you know, could view this differently, whereas with the bias or prejudice test, it ensures consistency across cases, across the appellate courts. It's a much more objective standard, and we think that that's why it makes sense for the appellate courts to apply that standard as opposed to the discretionary supervisory authority that this court has. And in terms of the judicial comedy argument, I don't think that I think, you know, even under the lower standards the defendant is proposing, a finding that a lower court judge can't be fair is still a criticism of the lower court, and, of course, it's warranted where there's bias or prejudice, but I don't think having cases be more, much more frequently reassigned, I mean, I don't think that is in the interest of judicial comedy, and, again, it undermines the principle that this court is the only court that can exercise supervisory authority over the lower courts. So we would ask this court to reverse the finding below. Thank you. Thank you very much. This case, Agenda Number 1, Number 129, 695, People in the State of Illinois v. Angel Class, will be taken under advisement. Thank you both for your argument.